# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47741

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

| | | |
|---|---|---|
| In the Interest of John Doe I, A Child Under Eighteen (18) Years of Age. | ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: July 1, 2020 |
| Plaintiff-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | |
| JANE DOE (2020-05), | ) ) | |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Blaine P. Cannon, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Hilverda McRae, PLLC; Adam J. Ondo, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Jane Doe (Mother) appeals from the judgment terminating her parental rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father are the biological parents of one minor child, J.J., who is the subject of this appeal. The child was declared to be in imminent danger and taken into the custody of the Department of Health and Welfare (the Department) after testing positive for methamphetamine at birth. Mother also tested positive for methamphetamine and admitted to using during her pregnancy.

1

Following a shelter care hearing, the magistrate court determined J.J. should remain in foster care. A case plan was ordered without objection from Mother or Father, who participated in the development of the plan. The tasks in the case plan focused on reunification and Father and Mother providing a safe, drug-free home for J.J. A number of review and permanency hearings were held thereafter. When Mother and Father failed to make any significant progress on each of their case plans, the Department filed a motion for the termination of parental rights. Trial was held in November 2019, at which Father failed to appear. After trial, the magistrate court issued its decision and order terminating parental rights based on neglect and the best interests of the child. Mother timely appeals.[1]

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable

---

[1] The judgment terminating Father's rights was affirmed in a separate appeal. *State v. Doe*, Docket No. 47743 (Ct. App. June 9, 2020) (unpublished).

inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

### III.

### ANALYSIS

On appeal, Mother claims that the magistrate court's findings supporting termination are not supported by substantial and competent evidence. Specifically, Mother argues that a number of facts undermine the magistrate court's findings that Mother neglected J.J. and that termination is in J.J.'s best interests.

### A. Substantial and Competent Evidence Supports the Magistrate Court's Finding of Neglect

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and

3

reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found Mother neglected J.J. based on her inability to provide proper care and control and because of her failure to comply with her case plan. Mother argues there was insufficient evidence to terminate her parental rights, specifically taking issue with the magistrate court's findings that she had not consistently maintained safe and sanitary housing or stable employment. The magistrate court noted that Mother had been arrested four times and spent 140 days in jail during the first year of the child's life, which made her unavailable to parent for long stretches of time. Mother asserts the testimony of the child's foster mother undermines this finding. Specifically, Mother highlights testimony that she had provided a "thermometer and clothes for the child, and that the parents had clothing, a bed, and a car seat for the child . . . [and] that the parents had been renting a clean two-bedroom, one-bath home for the past year." Mother also argues that though she admittedly did not provide the required employment information to the Department, the caseworker "knew that [she] was working somewhere." Finally, she claims that her incarceration severely restricted her ability to complete her plan, which should be considered when assessing her progress.

As to Mother's first assertion, renting a clean home and providing a thermometer do not establish Mother was able to provide proper care and control for J.J. This is especially true given the testimony of the caseworker who described the home as having individuals present who were not safe and explained how Mother disregarded a number of the case plan requirements even after her incarceration. For example, even when Mother was not incarcerated, she only attended twenty-one of the seventy-eight visits with J.J. Additionally, Mother did not receive a substance abuse assessment or attend substance abuse treatment, attend a parenting class, provide the required employment information, provide consistent financial support, provide for J.J's basic needs, or receive a mental health evaluation.

Moreover, J.J. was in foster care for fifteen of the most recent twenty-two months and reunification had not been accomplished. Mother has failed to demonstrate that the magistrate court's findings are outweighed by the limited evidence she highlights on appeal, or why her incarceration should give her more latitude to complete a plan, which she could have made progress on or completed post-incarceration. The magistrate court's finding that Mother neglected the child is supported by substantial and competent evidence.

**B.      Substantial and Competent Evidence Supports the Magistrate Court's Conclusion That Termination Is in the Child's Best Interests**

4

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Mother argues the magistrate court's best interest determination focused solely on her "past legal troubles, ignoring other relevant evidence that would have served to counterbalance [Mother's] incarceration during the case plan." The magistrate court determined it would be in J.J.'s best interests to terminate the parental relationship with Mother. Specifically, it stated:

> [J.J.] is in foster care with a family that loves him and wants to adopt him. [J.J.'s] current placement is in a home with a safe and stable environment. [J.J.] is well cared for and has bonded with his foster family. He will be able to live with his half-sister.
>
> [Mother] has not demonstrated that she will provide [J.J.] with a stable home environment. Her instability was shown by her decision to use methamphetamine while pregnant with [J.J.]. Her instability continued as shown by her unwillingness to complete drug treatment; her continued drug use and unwillingness to submit to drug testing; her failure to complete probation which resulted in several periods of incarceration while [J.J.] was in foster care; her failure to consistently visit [J.J.] which has resulted in [Mother] and [J.J.] not forming a bond; and her lack of consistent employment . . . .
>
> . . . . The instability resulting from [Mother's] drug use will continue to make it difficult for [Father] to provide [J.J.] with a stable home environment.

Mother makes no argument regarding J.J.'s best interests beyond her having a clean home, providing a thermometer, and that "topp[ing] out her time, meaning she no longer had to worry about probation violations and subsequent periods of incarceration while working the case plan." These facts fail to explain why Mother did not complete her case plan even after she was released from jail or how "topping out" prevents her from committing new drug-related offenses which would separate her from J.J. in the future, particularly because she failed to obtain testing

5

and treatment.  Finally, Mother's argument completely fails to address the findings related to her instability as a parent.

It is clear upon review that the magistrate court considered the best interests of the child and that those determinations are supported by substantial and competent evidence.  As noted by the magistrate court, J.J.'s current home provides permanency and stability.  For these reasons, we hold the magistrate court's conclusion that terminating Mother's parental rights is in J.J.'s best interests is supported by substantial and competent evidence.

## IV.
## CONCLUSION

Substantial and competent evidence supports the magistrate court's decision to terminate Mother's parental rights on the basis of neglect and the child's best interests.  Accordingly, we affirm the judgment terminating Mother's parental rights.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.